1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                   **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11
JOSEPH MENDEZ, et al.,                    CASE NO. 1:12-CV-00535-LJO-DLB
12
                        Plaintiffs,        **ORDER ON MOTION TO REMAND**
13         vs.                             (Doc. 11)

14   ASTRAZENECA PHARMACEUTICALS
     LP, et al.,
15
                        Defendants.
16
     _____/
17

18                           **INTRODUCTION**

19         Plaintiffs filed suit against AstraZeneca,[1] McKesson Corporation ("McKesson"), and Does 1-50,

20   (collectively referred to as "defendants") in state court.  Defendants removed the action to this Court

21   on the basis that McKesson was fraudulently joined.  Now pending before the Court is plaintiffs' motion

22   to remand.  Plaintiffs contend that McKesson was not fraudulently joined thus, diversity jurisdiction does

23   not exist.  Defendants oppose the motion.  For the reasons discussed below, this Court VACATES the

24   hearing set for May 31, 2012 and GRANTS plaintiffs' motion to remand.

25   / / /

26   _____

27         [1] The following entities will be referred to collectively as "AstraZeneca": (1) AstraZeneca LP; (2) AstraZeneca
     Pharmaceuticals LP, the general partner of AstraZeneca LP; (3) AstraZenecalp, the general partner of AstraZeneca LP and
28   AstraZeneca Pharmaceuticals LP; and (4) AstraZeneca PLC.

**BACKGROUND**

On March 19, 2012, plaintiffs commenced this action in Fresno County Superior Court.  (Doc. 1-1, p. 4).  The complaint alleges personal injury claims resulting from the use of Crestor® ("Crestor"), a cholesterol lowering drug.  Plaintiffs consist of twenty one individuals, fifteen who were physically injured and six named spouses.  (Doc. 1-1, p. 5-7).  Plaintiffs reside in five different states. (Doc. 1-1, p. 5-7).  Plaintiff Joseph Mendez is a citizen and resident of California.  (Doc. 1-1, p. 5).  Defendant AstraZeneca is a Delaware corporation and Defendant McKesson is a Delaware corporation with its principle place of business in San Francisco.  (Doc. 1-1, p. 7).

On April 5, 2012, defendants removed the action to this Court on the basis of diversity jurisdiction.  (Doc. 1).  Defendants argued that McKesson was fraudulently joined thus, its citizenship must be ignored for purposes of determining diversity.  (Doc. 1, p. 7).  Defendants maintained that McKesson was fraudulently joined because: (1) the allegation that McKesson and McKesson alone distributed the Crestor ingested by all fifteen plaintiffs is implausible; (2) McKesson cannot be liable as a mere distributor of Crestor; and (3) McKesson bears no duty to warn plaintiffs based on the "learned intermediary" doctrine.  (Doc. 1, p. 7-11).

On April 25, 2012, plaintiffs filed the instant motion to remand (Doc. 11) to which defendants filed an opposition (Doc. 14).  Pursuant to Local Rule 230(g), this Court VACATES the May 31, 2012, hearing or oral argument.  Having considered the parties' arguments and the relevant law, this Court issues this order.

**DISCUSSION**

**A. Legal Standard**

A case removed from state court should be remanded if it appears that it was removed improvidently.  28 U.S.C. § 1447(c).  The removal statute is strictly construed against removal jurisdiction.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam).  Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Id*.  "The 'strong presumption' against removal jurisdiction means that the [party seeking to preserve removal] always has the burden of establishing that removal is proper."  *Id*.

Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity, *i.e.*, every plaintiff

must be diverse from every defendant.  An action may nonetheless be removed, if joinder of the non-diverse party is fraudulent.  *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).  The Ninth Circuit has explained that "fraudulent joinder is a term of art.  If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Id.*; *Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003).  In determining whether a non-diverse defendant has been improperly joined, the Court does not review the merits of the claim but only determines whether a cause of action is viable under state law.  *Brazina v. Paul Revere Life Ins. Co.*, 271 F. Supp. 2d 1163, 1167 (N.D. Cal. 2003).  In making this determination courts may look beyond the pleadings and examine the factual record. *McCabe*, 811 F.2d at 1339.  However, review of the complaint is constrained to the facts actually alleged therein, it does not extend to facts or causes of action that could be alleged via an amended complaint. *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 n.12 (9th Cir. 1989).

**B. Analysis**

Plaintiffs contend that McKesson was not fraudulently joined because California imposes strict liability on all participants in the chain of distribution of a defective product and here McKesson marketed, distributed, promoted, and designed Crestor.  Defendants focus on plaintiffs' distribution argument and assert that plaintiffs' claim that McKesson distributed the Crestor actually ingested by plaintiffs is factually insufficient because the allegation is based  "upon information and belief."

The general rule under California law is that all of the participants in the chain of distribution can be strictly liable for injuries caused by a defective product. *Bostick v. Flex Equip. Co., Inc.*, 147 Cal. App. 4th 80, 88 (2007).  In the prescription drug context, the California Supreme Court has held that manufacturers of prescription drugs can be held strictly liable for a failure to warn of knowable risks. *Brown v. Superior Court*, 44 Cal. 3d 1049, 1069 (1988).  California Courts have yet to address the liability of distributors and other potential defendants in the commercial chain in prescription drug cases. *See Hamzey v. Bayer Corp.*, 2010 WL 2011529, at *3-4 (S.D. Cal. May 19, 2010) (recognizing that there is no well-established law in California that creates an exception in strict liability for distributors in prescription drug cases); *Andrews v. Bayer Corp.*, 2010 WL 234808, at *3 (C.D. Cal. Jan. 12, 2010) (stating that "no California court has ever held that distributors of pharmaceuticals are exempt from the

3

general rule of strict liability for failure to warn"). However, given that a plaintiff's failure to state a cause of action in the context of a motion to remand must be "obvious according to the settled rules of the state," *McCabe*, 811 F.2d at 1339, this Court cannot say that a cause of action for strict liability against a prescription drug distributor or others in the chain of distribution is not viable under California law. *See Little v. Purdue Pharma, L.P.*, 227 F. Supp. 2d 838, 849 (S.D. Cal. 2002) ("a federal court should hesitate before pronouncing a state claim frivolous, unreasonable, and not even colorable in an area yet untouched by the state courts").

Defendants maintain that plaintiffs have failed to state a claim against McKesson under California law because plaintiffs' allegation that McKesson distributed the Crestor ingested by plaintiffs is alleged solely "upon information and belief" which is factually insufficient. Under California law, a "'plaintiff may allege on information and belief any matters that are not within his personal knowledge, if he has information leading him to believe that the allegations are true.'" *Doe v. City of Los Angeles*, 42 Cal. 4th 531, 550 (2007) (quoting *Pridonoff v. Balokovich*, 36 Cal. 2d 788, 792 (1951)). "When a plaintiff lacks knowledge and the means of obtaining knowledge of facts material to his or her cause of action because the matters are peculiarly within the knowledge of the adverse party, and the pleader can learn of them only from statements of others, the pleader may plead what he or she believes to be true as a result of information (hearsay) the pleader has received." *Dey v. Cont'l Cent. Credit*, 170 Cal. App. 4th 721, 725 n.1 (2008) (internal quotation marks omitted). A plaintiff may not allege facts "upon information and belief" when he has reason to know them directly. *See City of Santa Cruz v. Mun. Court*, 49 Cal. 3d 74, 87 (1989) (recognizing that "courts have long held that affidavits on information and belief may be sufficient in a variety of contexts where the facts would otherwise be difficult or impossible to establish"); *Searcy v. Hemet Unified Sch. Dist.*, 177 Cal. App. 3d 792, 802 (1986) ("facts that are ascertainable from public records may not properly be pleaded on information and belief"); *Thompson v. Sutton*, 50 CA2d 272, 279 (1942) (holding that whether plaintiff owns an easement is a fact "peculiarly within the knowledge of the party" and thus, cannot be alleged on information and belief).

In plaintiffs' response to defendants' interrogatories, plaintiffs explain that they believe McKesson distributed the Crestor they ingested because: (1) McKesson's website provides that

1  "McKesson is heavily involved in the marketing, manufacturing, distributing, testing, and patient-contact

2  aspects of drug distribution,"  (Doc. 14-1, p. 5:26-6:1), and (2) "McKesson has not denied that it could

3  have distributed the Crestor ingested by Plaintiffs," (Doc. 14-1, p. 6:2-3).  The fact that McKesson

4  distributes Crestor and has not denied that it could have distributed the Crestor ingested by plaintiffs

5  does not show that McKesson distributed the Crestor ingested by plaintiffs, especially in light of the fact

6  that from November 2008 until the present AstraZeneca distributed Crestor through thirty six different

7  distributors in the United States (Doc. 1-2, p. 4, ¶ 2).

8  Nevertheless, whether McKesson distributed the Crestor ingested by plaintiffs is not a fact

9  plaintiffs would have reason to know directly.  Information regarding the identity of the pharmacy or

10  health care facility where plaintiffs obtained the Crestor is within plaintiffs' knowledge.  However,

11  whether McKesson distributed the drug to the pharmacy or health care facility is information plaintiffs

12  would have to obtain from McKesson or a third party, *i.e.*, the pharmacy or health care facility.  Thus,

13  this is not information within plaintiffs' personal knowledge.  *See Doe*, 42 Cal. 4th at 550 (recognizing

14  that a "plaintiff may allege on information and belief any matters that are not within his personal

15  knowledge").  Accordingly, this Court cannot say that it is obvious under California law that plaintiffs'

16  allegations based "upon information and belief" are insufficient to state a claim under California law.

17  *See McCabe*, 811 F.2d at 1339 (in order to show fraudulent joinder plaintiff's failure to state a cause of

18  action against the resident defendant must be obvious according to the settled rules of the state).

19  Defendants further argue that under *Bockrath v. Aldrick Chem. Co., Inc.*, 21 Cal. 4th 71 (1999),

20  plaintiffs were required to name McKesson as a Doe defendant because under *Bockrath* plaintiffs are

21  required to name Doe defendants where they do not have sufficient evidence to support their allegation

22  that a particular defendant manufactured or supplied the injury causing product.  *Id*. at 81.  Although

23  defendants correctly articulate the holding in *Bockrath*, defendants fail to explain how this holding

24  interplays with the general rule that a "plaintiff may allege on information and belief any matters that

25  are not within his personal knowledge, if he has information leading him to believe that the allegations

26  are true."  *Doe*, 42 Cal. 4th at 550 (internal quotation marks omitted).

27  Given that plaintiffs' alleged failure to state a cause of action against McKesson is not "obvious

28  according to the settled rules of the state," *McCabe*, 811 F.2d at 1339, coupled with the fact that any

5

1    doubts about removal are to be resolved in favor of remand, *Gaus,* 980 F.2d at 566, this Court GRANTS

2    plaintiffs' motion to remand.[2]

3                                      **CONCLUSION AND ORDER**

4           For the reasons discussed above, this Court:

5           1.      VACATES the May 31, 2012, hearing or oral argument, pursuant to Local Rule 230(g)

6                   and

7           2.      GRANTS plaintiffs' motion to remand.

8           3.      This action is REMANDED to the Fresno County Superior Court of California, for all

9                   further proceedings.  This order terminates this action in its entirety.  The clerk is

10                  directed to close this action.

17          IT IS SO ORDERED.

18   **Dated:     May 25, 2012                        /s/ Lawrence J. O'Neill**
                                                     UNITED STATES DISTRICT JUDGE

---

28          [2] In light of the Court's decision, and defendants' concession that they never argued as a basis for removal that plaintiffs were fraudulently joined, there is no need to address plaintiffs' joinder and learned intermediary arguments.